UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KYLE YOUMANS,<br>    Plaintiff, | :<br>:<br>: |
| v. | :     No. 3:22-cv-1650 (VLB) |
| K. BARONE, et al.,<br>    Defendants. | :<br>:<br>:<br>: |

**MEMORANDUM OF DECISION**

The plaintiff, Kyle Youmans, has filed a complaint *pro se* under 42 U.S.C. § 1983 asserting claims that the defendants violated his right to due process in connection with an eight-day confinement in segregation as a pretrial detainee and for deliberate indifference to his mental health needs. Following initial review, the only remaining claim is the Fourteenth Amendment conditions of confinement claim against defendant Captain Roy. *See* Initial Review Order, Doc. #11 at 14. Captain Roy has filed a motion to dismiss. For the following reasons, Captain Roy's motion is denied.

**I. Standard of Review**

To withstand a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Id.* The plausibility standard is not a probability requirement; the pleading must show, not merely allege, that the pleader is entitled to relief. *Id.* Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth. *Id.* "To state a plausible claim, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 218 (2d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). However, when reviewing a motion to dismiss, the court must draw all reasonable inferences in the non-movant's favor. *Graziano v. Pataki*, 689 F.3d 110, 114 (2d Cir. 2012).

The district court may entertain a motion to dismiss directed to a claim that was permitted to proceed on initial review. *See Allah v. Semple*, No. 3:18-CV-887(KAD), 2019 WL 109002, at *5 (D. Conn. Jan. 4, 2019) ("the fact that the court permitted the ... claim to proceed in its Initial Review Order does not preclude a motion to dismiss under Rule 12(b)(6) and a subsequent finding by the court, after entertaining such a motion, that the claim fails to satisfy the plausibility standard"); *see also Smalls v. Wright*, No. 3:16-cv-2089(JCH), 2017 WL 3474070, at * (D. Conn. Aug. 11, 2017) (noting that court may not be able to determine whether complaint states cognizable claim "without the benefit of an adversarial presentation" (citation and quotation marks omitted)).

## II. Facts

The allegations relating to the conditions of confinement claim against Captain Roy are as follows. Plaintiff was confined in restrictive housing on

2

Chronic Discipline Status from May 19, 2021 through September 30, 2021. On July 13, 2021, he was escorted in full restraints to a segregation cell in the same housing unit where he remained for eight days. Plaintiff was not told why he was moved to a segregation cell. During those days, Plaintiff was denied phone calls, visits, and mail and was not permitted to have his legal materials.

After three days, Plaintiff asked Captain Roy why he was there but received no response. After eight days, he again questioned Captain Roy, who asked whether he had received a disciplinary report. When Plaintiff said he had not, Captain Roy left. Plaintiff was returned to his previous cell less than thirty minutes later.

Plaintiff has attached a grievance to his complaint in which he sought the discipline of the officers responsible for his placement in segregation. In his elaboration of the issue, Plaintiff states that, in response to an inmate request asking who sent him to segregation, Captain Roy admitted that he was one of those responsible. *See* Doc. #1 at 17. The grievance response explained that Plaintiff had been sent to segregation after homemade alcohol was found in his cell. *See id*. at 16.

### III. Discussion

A. Unconstitutional Conditions of Confinement

As the court explained in the Initial Review Order, to state a deliberate indifference claim relating to conditions of confinement, Plaintiff first must allege facts showing that the challenged condition "pose[d] an unreasonable risk of serious damage to his health, which includes the risk of serious damage to

3

physical and mental soundness." *Darnell v. Pineiro*, 849 F.3d 17, 30 (2d Cir. 2017) (quoting *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013) (internal quotation marks omitted)). "[T]he conditions themselves must be evaluated in light of contemporary standards of decency." *Id.* (citation and internal quotation marks omitted). This inquiry focuses on the "severity and duration" of the conditions, "not the detainee's resulting injury." *Id.* (citing *Willey v. Kirkpatrick*, 801 F.3d 51, 68 (2d Cir. 2015)). Plaintiff also must show that "the defendant-official acted intentionally to impose the alleged condition" or that he "recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35. Negligence, however, is insufficient to satisfy this component of the deliberate indifference test. *Id.* at 36 (detainee must show that defendant acted recklessly or intentionally, not merely negligently).

Regarding a pretrial detainee's claim about restrictive conditions of confinement, "the Second Circuit has held that administrative segregation measures do not 'violate substantive due process where prison officials subject[] pretrial detainees to such measures in response to specific evidence that those detainees posed a risk to institutional security, and where the measures were not excessive in relation to that purpose.'" *Wilson v. Santiago*, No. 3:19-CV-1807(JAM), 2020 WL 5947322, at *4 (D. Conn. Oct. 7, 2020) (quoting *Almighty Supreme Born Allah v. Milling*, 876 F.3d 48, 56 (2d Cir. 2017)).

On initial review, the court permitted the claim to proceed against Captain

Roy for further development of the record because it could not determine whether denial of all family contact for eight days is excessive when the underlying reason for the confinement was homemade alcohol.  Captain Roy now moves to dismiss the claim arguing that Plaintiff has not alleged facts suggesting that Captain Roy was personally involved in the decision to send him to segregation. However, Captain Roy fails to consider Plaintiff's statement in the grievance that Captain Roy admitted responsibility for the assignment.  The court may consider all documents attached to the complaint on a motion to dismiss.  Accordingly, the motion to dismiss is denied on this ground.

   B. Qualified Immunity

Captain Roy also argues that he is protected by qualified immunity. Qualified immunity "protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  Qualified immunity "affords government officials 'breathing room' to make reasonable –even if sometimes mistaken—decisions." *DiStiso v. Cook*, 691 F.3d 226, 240 (2d Cir. 2012) (quoting *Messerschmidt v. Millender*, 565 U.S. 535, 553 (2012)).  "The qualified immunity standard is 'forgiving' and 'protects all but the plainly incompetent or those who knowingly violate the law.'" *Grice v. McVeigh*, 873 F.3d 162, 166 (2d Cir. 2017) (quoting *Amore v. Navarro*, 624 F.3d 522, 530 (2d Cir. 2010)).

"In determining whether state actors are entitled to qualified immunity

under federal law, [the court] consider[s] two factors: (1) whether the facts presented make out a violation of a constitutional right; and (2) whether the right at issue was clearly established when it was allegedly violated." *Torcivia v. Suffolk Cnty.,* 17 F.4th 342, 367 (2d Cir. 2021). The court has discretion to determine which factor to address first. *Pearson*, 555 U.S. at 236.

"Only Supreme Court and Second Circuit precedent existing at the time of the alleged violation is relevant in deciding whether a right is clearly established." *Torcivia*, 17 F.4th at 367 (internal quotation marks and citation omitted). "In evaluating these two factors, [the court] look[s] to the specific context of the case at bar rather than broad general proposition[s]." *Id.* (internal quotation marks and citations omitted). "A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (internal quotation marks and citations omitted). There is no requirement that precedent be directly on point, "but existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011).

Qualified immunity may be successfully asserted on a motion to dismiss the complaint, but the defense "faces a formidable hurdle" at the pleading stage. *Horn v. Stephenson*, 11 F.4th 163, 169-70 (2d Cir. 2021). At this stage, the court draws all reasonable inferences in favor of the plaintiff both from the facts alleged in the complaint that support the plaintiff's claim and those that would defeat the qualified immunity defense. *Hyman v. Abrams*, 630 F. App'x 40, 42 (2d Cir. 2015).

Captain Roy contends that "[r]esearch reveals no precedential authority of

this Circuit or the Supreme Court that clearly establishes that the denial of all family contact for eight days when the underlying reason for the confinement was homemade alcohol is a constitutional violation, especially when a defendant did not know or impose the conditions of confinement." Doc. No. 15-1 at 13. Captain Roy's argument is not persuasive for several reasons. First, he claims there is no precedential case exactly on point, which is not required. Second, Plaintiff has stated in his grievance that Captain Roy admitted responsibility for his placement. As the court must draw all reasonable inferences in Plaintiff's favor, the court must assume that Captain Roy was responsible for the placement and, therefore, aware of the conditions. Third, while Captain Roy is correct that inmates have no constitutional right to telephone access or visitation, the cases note that where these privileges were denied, the inmate had the ability to contact his family by mail. *See, e.g., Overton v. Bassetta,* 539 U.S. 126, 131-36 (2003) (inmate's right of association cannot be restricted unless restriction bears a rational relationship to legitimate penological interests and alternate means of communication are available); *Mercado v. Department of Corr.*, No. 3:16cv1622(VLB), 2017 WL 1095023, at *3 (D. Conn. Mar. 23, 2017) (noting availability of communicating by mail). Plaintiff alleges that he was denied contact with his family by telephone, visitation, and mail. In light of *Overton*'s clear pronouncement, a reasonable officer would not understand that denial of all communication would be constitutional.

Based on the current record, the court cannot conclude that Captain Roy is protected by qualified immunity. Accordingly, the motion to dismiss is denied on

this ground without prejudice to renewal at a later stage of litigation.

## CONCLUSION

Captain Roy's motion to dismiss [Doc. #15] is DENIED.

SO ORDERED.

Dated this 26th day of April 2023 at Hartford, Connecticut.

                                          /s/
                               Vanessa L. Bryant
                               United States District Judge