### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

KYLE YOUMANS,
     Plaintiff,

    v.                               Case No. 3:22-CV-1650 (MPS)

CAPTAIN ROY, et al.,
     Defendants.

## INITIAL REVIEW RE: MOTION TO FILE SECOND AMENDED COMPLAINT

Plaintiff Kyle Youmans commenced this civil rights action as a pretrial detainee while in the custody of the Department of Correction ("DOC") housed at MacDougall-Walker Correctional Institution ("Walker").[1] He asserted claims of constitutional violation against four DOC employees who worked at Walker: former Warden K. Barone, Captain Roy, Captain Salins, and Officer Fountain. Compl., ECF No. 1.

On January 31, 2023, the Court permitted Plaintiff to proceed on his claims of Fourteenth Amendment violation based on his conditions of confinement against Captain Roy. ECF No. 11. The Court dismissed his claims of Fourteenth Amendment procedural due process violation; Eighth Amendment and Fourteenth Amendment deliberate indifference to his mental health, humiliation, and hygiene needs and lack of clean clothing; deprivation of his constitutional right to court access; and all claims against Warden Barone. *Id.* Plaintiff's official capacity claims were also dismissed. *Id.*

The Court explained that these claims were dismissed "with prejudice as the Court finds

---

[1] The Court takes judicial notice of publicly available information on the DOC website showing that Plaintiff is now a sentenced inmate housed at Corrigan-Radgowski Correctional Center. *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012) (court may "take judicial notice of relevant matters of public record."); http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=323250.

that leave to amend would be futile." *Id.*

On April 4, 2023, Plaintiff filed a motion for leave to amend. Mot. to Am., ECF No. 17. On April 26, 2023, the Court denied Plaintiff's motion for leave to amend on futility grounds because his proposed amended complaint "contains claims (and related factual allegations) that were dismissed in the Initial Review Order … with prejudice[,]" and because his "proposed amended complaint does not attempt to cure the defects that led to the dismissal of those claims." Order, ECF No. 19.

After Defendant Roy filed an answer on May 9, 2023, the Court set a scheduling order setting discovery and dispositive motion deadlines of October 13, 2023 and November 14, 2023, respectively. Answer, ECF No. 20; Order, ECF No. 25.

In early November 2023, Plaintiff filed his motion to file a second amended complaint and a proposed amended complaint. Second Mot. to Am., ECF Nos. 28; Proposed Am. Compl., ECF No. 35.

On November 9, 2023, the Court extended the dispositive motions deadline to December 14, 2023. Order, ECF No. 32.

This case was transferred to the undersigned on November 15, 2023. Transfer Order, ECF No. 36.

## II.    DISCUSSION

Under Rule 15(a) of the Federal Rules of Civil Procedure, a plaintiff may amend his complaint once as a matter of course within twenty-one days after service of the complaint or within twenty-one days after service of a responsive pleading. *See* Fed. R. Civ. P. 15(a)(1)(A) & (B). Otherwise, the plaintiff may amend his complaint only with "the opposing party's written

2

consent or the court's leave," which should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend may be "freely given" in the absence of bad faith, undue delay, unfair prejudice, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) ("The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith.") (citation omitted). The district court "has the discretion to deny leave if there is a good reason for it, such as futility, bad faith, undue delay, or undue prejudice to the opposing party." *Jin v. Metropolitan Life Insurance Company*, 310 F.3d 84, 101 (2d Cir. 2002). "An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *Dougherty v. North Hempsted Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002). In determining what constitutes undue prejudice, the court considers whether the amendment would: "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993).

Plaintiff's proposed second amended and original complaints allege substantively similar factual allegations about his treatment as a Chronic Discipline pretrial detainee from May 19, 2021 to September 30, 2021 at Walker. Like his original complaint, Plaintiff's proposed amended allegations primarily complain about his placement in segregation on July 13, 2021 without any disciplinary charges or information about the reason for his segregation; punitive measures as a pretrial detainee; humiliation due to his having to walk to the shower in his underwear on May 24, 2021; and deprivation of court access.

3

Plaintiff's proposed amended complaint differs from the original complaint in a few respects. In it, the proposed amended complaint names Correction Officer Kravis, who was not previously named as a defendant, but it does not include Captain Salins as a defendant; indicates that Correction Officer Fountain was involved with his placement in shackles and handcuffing behind the back with a tether running from his wrist to his ankles; and includes several new factual allegations. *See* Proposed. Am. Compl. at ¶¶ 7-10, 17-18, 30-36. He now alleges that he received no response to the administrative remedy he sent to Warden Barone about the actions of Captain Roy and his placement in segregation without an explanation; that he was not provided clean clothing and property and was deprived of his privileges during his eight days of segregation; that he was not permitted to bring a change of clean clothing with him to the shower area and was on full restraint status for more than thirty days after May 24, 2021; and that he was denied access to the library in addition to being deprived of his legal materials. Proposed Am. Compl. at ¶¶ 21-22, 25, 36. In addition, Plaintiff's proposed amended complaint adds claims of "federal torts law for negligence, false imprisonment, intentional infliction of emotion[al] distress, violation of Administrative Directives, [and] supervisor liability"; and state tort law claims of false imprisonment, intentional infliction of emotional distress, administrative directive violation. *Id.* at ¶¶ 31, 33-35.

As Plaintiff attempts to cure the deficiencies that resulted in the dismissal of his earlier claims, the Court reviews Plaintiff's proposed amended complaint to determine whether he has alleged any plausible claims consistent with 28 U.S.C. § 1915A. The Court does not repeat herein any facts or legal standards previously stated in the Court's prior initial review order

4

except as necessary for analysis of the claim.[2]

### 1.    Official Capacity Claims

Plaintiff's proposed amended complaint indicates that he asserts his claims against Defendants in their official capacity. *See* Proposed Am. Compl. at 1, 4.

Plaintiff's official capacity claims for money damages are not plausible as they are barred by the Eleventh Amendment for the reason explained in the Court's initial review order. IRO at 12-13. Plaintiff's claims for official capacity declaratory and injunctive relief are otherwise moot as he is now housed at Corrigan rather than Walker. *See Salahuddin v. Goord,* 467 F.3d 263, 272 (2d Cir. 2006) ("In this circuit, an inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief against officials of that facility"); *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983)("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed"). Further, this case does not satisfy the capable of repetition, yet evading review doctrine, which represents an exception to the general rule of mootness.[3] *Murphy v. Hunt*, 455 U.S. 478, 482–83 (1982). A general possibility

---

[2] In addition, the Court will not address Plaintiff's proposed state law claims now because this review for purposes of 28 U.S.C. § 1915A is limited to federal law claims. The core purpose of an initial review order is to make a speedy initial screening determination of whether the lawsuit may proceed at all in federal court and should be served upon any of the named defendants. If there are no facially plausible federal law claims against any of the named defendants, then the Court would decline to exercise supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367. On the other hand, if there are any viable federal law claims that remain, then the validity of any accompanying state law claims may be appropriately addressed in the usual course by way of a motion to dismiss or motion for summary judgment. More generally, the Court's determination for purposes of an initial review order under 28 U.S.C. § 1915A that any claim may proceed against a defendant is without prejudice to the right of any defendant to seek dismissal of any claims by way of a motion to dismiss or motion for summary judgment if the Court has overlooked a controlling legal principle or if there are additional facts that would warrant dismissal of a claim.

[3] This doctrine is limited to cases where the challenged action is of duration too short to be fully litigated prior to cessation or expiration; and there is a "'reasonable expectation' or a 'demonstrated probability' that the same controversy will recur involving the same complaining party." *Murphy v. Hunt*, 455 U.S. 478, 482–83 (1982)

that Plaintiff will be returned to incarceration at Walker is too speculative to satisfy this exception to mootness. *See Allah v. Annucci*, No. 16-CV-1841 (KMK), 2018 WL 4571679, at *10 (S.D.N.Y. Sept. 24, 2018) (collecting cases concluding inmates' claims of possible future transfer or return to institution as too speculative to satisfy capable of repetition doctrine).[4]

2.      **Eighth Amendment and Fourteenth Amendment Procedural Due Process**

Plaintiff's proposed amended complaint fails to state any plausible claims of Eighth Amendment violation and Fourteenth Amendment procedural due process violation for the same reasons explained in Plaintiff's prior initial review order. See IRO at 5-6, 7.[5]

3.      **Fourteenth Amendment Substantive Due Process: Punitive Measures**

In the context of a pretrial detainee's claim against restrictive conditions of confinement, the Second Circuit has made clear that administrative segregation measures do not "violate substantive due process where prison officials subject[ ] pretrial detainees to such measures in response to specific evidence that those detainees posed a risk to institutional security, and where the measures were not excessive in relation to that purpose." *Almighty Supreme Born Allah v.*

---

(quoting *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975)).

[4] To the extent the plaintiff's request that his time in segregation be "remove[d] from his master files" is properly before the Court, that request is denied.  The plaintiff has not articulated any way in which the preserving of information in his file—even if it reflected an improper placement—is itself causing him imminent or ongoing irreparable harm.  Irreparable harm is a requirement for injunctive relief.

[5] The Court takes judicial notice of the attached grievance appeal to Plaintiff's original complaint. Compl. at 16. The reviewer explained that, while Plaintiff was in the A&P room, his cell was searched, and homemade alcohol was found, which constituted a disciplinary infraction; that no disciplinary charge was issued and no incident report was created due to staff oversight and procedural error; and that Plaintiff was returned to his previous cell without any disciplinary action resulting from the discovery of the contraband. *Id.*

*Milling*, 876 F.3d 48, 56 (2d Cir. 2017). Fourteenth Amendment due process standards are violated, however, when prison officials do not allow for individualized consideration of the pretrial detainee's actual threat to institutional security prior to subjecting him to segregation and where the conditions imposed are not reasonably related to legitimate governmental objectives. *See id.* 56-58.

### Correction Officer Roy

The Court's initial review order permitted Plaintiff to proceed on his Fourteenth Amendment claim based on unconstitutional conditions of confinement against Officer Roy to proceed in this action because a denial of all family contact for eight days may be excessive when the underlying reason for the confinement was homemade alcohol. IRO at 9. Plaintiff's proposed amended complaint alleges that he remained for eight days without any property, clean clothing or privileges. Proposed Am. Compl. at ¶ 22. Consistent with the Court's prior initial review order, Plaintiff may proceed on a Fourteenth Amendment substantive due process claim based on his proposed amended complaint's allegations.

### Chronic Discipline Status Confinement

Plaintiff asserts that his Chronic Discipline status between May 19, 2021 and September 30, 2021 as pretrial detainee violated his due process rights. Proposed Am. Compl. at ¶ 15. He alleges further that after May 24, 2021, he was not allowed to bring a clean change of clothing with him to the shower area and was on full restraint status for more than thirty days. Proposed Am. Compl. at ¶ 29. But Plaintiff's allegations fail to raise a plausible Fourteenth Amendment claim for damages because he has not alleged that any named defendant was involved in the asserted constitutional deprivations. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)

7

("personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.").

### 4.      Fourteenth Amendment Substantive Due Process: Excessive Force

Plaintiff's proposed amended complaint indicates that Correctional Officer Fountain was involved with his placement in shackles with use of a tether running from his wrists—cuffed behind his back—to his ankles. Prop. Am. Compl. at ¶¶ 17-18. These allegations suggest a Fourteenth Amendment violation based on a misuse of severe restraints under the circumstances. *See Fletcher v. City of New London*, No. 3:16-CV-241 (MPS), 2018 WL 4604306, at *10 (D. Conn. Sept. 25, 2018) (citing *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015)) (Fourteenth Amendment excessive force requires a plaintiff to show force purposely or knowingly used against him was objectively unreasonable).[6] Accordingly, Plaintiff's proposed amended complaint raises a plausible Fourteenth Amendment excessive force claim against Officer Fountain.

### 5.      Fourteenth Amendment Substantive Due Process: Deliberate Indifference

Inmates have a right to sanitary living conditions and the necessary materials to maintain adequate personal hygiene. *See Walker v. Schult,* 717 F.3d 119, 127 (2d Cir. 2013). But courts in this Circuit are reluctant to consider a temporary hygiene deprivation as an objectively serious

---

[6] In *Kingsley*, the United States Supreme Court identified several relevant factors a court may consider in determining the reasonableness or unreasonableness of the force used including "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Kingsley*, 135 S. Ct. at 2473. The determination is made "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with 20/20 vision of hindsight." *Id.*

condition that violates constitutional standards. *See Carolina v. Feder*, No. 3:20-CV-658 (SRU), 2021 WL 268854, at *8 (D. Conn. Jan. 26, 2021) (collecting cases noting courts in this Circuit have held that temporary denials of access to a shower for up to two weeks typically do not constitute objectively serious condition); *Davies v. Hickley*, No. 20 Civ. 940 (VAB), 2021 WL 2400276, at *10 (D. Conn. June 11, 2021) (collecting cases and holding that deprivation of toothbrush for three weeks was not "a plausibly serious deprivation of [a] basic human need").

Any claim that Defendant Roy acted with indifference to Plaintiff's hygiene needs fails. Plaintiff's alleged deprivation of clean clothing for eight days in segregation constitutes a temporary deprivation lacking constitutional dimension.[7] *See* Proposed Am. Compl. at ¶ 22.

Plaintiff's proposed amended complaint otherwise fails to allege facts to support plausible Fourteenth Amendment indifference claims based on humiliation, hygiene or mental health needs for the reasons discussed on prior initial review. IRO at 9-10.

### 6.    Allegations against Kravis

Plaintiff alleges that on May 24, 2021, Officer Kravis instructed him to strip him down to his underwear before leaving his cell to shower. Proposed Am. Compl. at ¶ 25. Plaintiff has not, however, alleged what acts Officer Kravis committed to violate his constitutional rights.[8]

---

[7] Plaintiff's vague claim of property deprivation fails to suggest that he was deprived of a basic human need.

[8] Plaintiff's original complaint alleged that Captain Salins ordered Kravis to strip Plaintiff prior to leaving his cell to take a shower. Compl. at ¶ 10. The Court's prior initial review order dismissed all claims against Officer Salins in connection with Plaintiff having to walk to the shower in his boxers. *See* IRO at 10-11.

Accordingly, the Court concludes Plaintiff has not alleged any plausible section 1983 claims against Defendant Kravis.

7.      **Access to the Courts**

Plaintiff's proposed amended complaint alleges that he was deprived of access to the library and his legal materials, causing delay to his criminal case and affected his defense. Proposed Am. Compl. at ¶ 36. For the same reasons stated on prior initial review, Plaintiff fails to state a plausible constitutional violation based on his asserted access to the court deprivations. IRO at 11-12.

8.      **Supervisory Liability**

The Court's initial review order explained that there is no special rule for supervisory liability, and therefore, Plaintiff "must plead and prove that each Government-official defendant, through the official's own individual actions, has violated the Constitution." IRO at 4-5 (citing *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020)).

Plaintiff cannot support his claims of constitutional violations by Barone based on her alleged failure to respond to his administrative complaint. "[A]s a matter of law, a defendant's mere receipt of a letter or grievance, without personally investigating or acting thereon, is insufficient to establish personal involvement." *Alvarado v. Westchester Cnty.*, 22 F. Supp. 3d 208, 215 (S.D.N.Y. 2014) (citation and quotation marks omitted); *Jones v. Annucci*, No. 16-cv-3516, 2018 WL 910594, at *11–12, (S.D.N.Y. Feb. 14, 2018) (noting that acting commissioner's failure to respond to the plaintiff's letter complaining of unconstitutional conduct, "without more, does not plausibly allege his personal involvement" and citing cases)) (citations omitted). Accordingly, Plaintiff has not alleged any plausible claim under section 1983 against Barone.

10

9.      **Federal Tort Violations**

Plaintiff asserts violation of "federal torts law for negligence, false imprisonment, intentional infliction of emotion[al] distress, violation of Administrative Directives, [and] supervisor liability." Proposed Am. Compl. at ¶ 30. But in this case, Plaintiff does not have a plausible cause of action for any federal claims beyond the "private right of action" afforded under 42 U.S.C. §1983 against the DOC Defendants for a deprivation of his rights under the Constitution or federal law. *See Blyden v. Mancusi*, 186 F.3d 252, 264 (2d Cir. 1999).

Furthermore, an allegation that a prison official did not adhere to a state law, regulation or prison directive or policy does not rise to the level of a violation of a federally or constitutionally protected right. *See Patterson v. Coughlin,* 761 F.2d 886, 891 (2d Cir. 1985) (noting that "a state employee's failure to conform to state law does not in itself violate the Constitution and is not alone actionable under § 1983."); *Holland v. City of New York*, 197 F. Supp. 3d 529, 548–49 (S.D.N.Y. 2016) (explaining alleged violation of prison policy, directive, or regulation, in and of itself, does not give rise to a federal claim, because federal constitutional standards, not state law, define the requirements of procedural due process); *see also Harris v. Taylor*, 441 F. App'x. 774, 775 (2d Cir. 2011) (non-compliance with state law or prison administrative directive does not by itself establish a due process violation under § 1983).

10.      **Undue Prejudice**

The Court recognizes that permitting Plaintiff to proceed on additional claims against Roy and Fountain asserted in the proposed amended complaint will delay this case. But the Fourteenth Amendment claim against Roy is substantially similar to the Fourteenth Amendment claim already proceeding in this case. And the Fourteenth Amendment claims against Fountain is

11

not complex, and any plausible state law claims arise from same facts underlying the Fourteenth Amendment claims. As Defendants are likely in possession of the majority of the evidence relevant to any of these claims, Defendants will not be unduly prejudiced by the amendments to this action.

The Court will permit the parties to conduct any necessary discovery for sixty days after Correction Officer Fountain is served. The Court will reset the dispositive motions deadline after Correction Officer Fountain is served.

## ORDERS

For the foregoing reasons, the Court issues the following orders:

(1) Consistent with the foregoing, the motion for leave to file a second amended complaint [ECF No. 28] is GRANTED.

Plaintiff may proceed on his individual capacity claims alleged in his Second Amended Complaint as follows:  (1) Fourteenth Amendment substantive due process violation against Correction Officer Roy based on segregation conditions excessive to the underlying reason for his confinement of homemade alcohol; and (2) Fourteenth Amendment substantive due process violation against Correction Officer Fountain based on excessive force due to his use of severe restraints; and (3) state law torts against both Roy and Fountain.

Plaintiff may not proceed on any other claims asserted in the proposed amended complaint. He may not proceed against Defendant Barone or Kravis, any denial of court access claim, or on any official capacity claims.

(2) The Clerk shall verify the current work address of  Captain Fountain with the DOC Office of Legal Affairs, mail a waiver of service of process request packet containing the

amended complaint, [ECF No. 35], to him at his confirmed addresses within **twenty-one (21)**

**days** of this Order, and report on the status of the waiver request on the **thirty-fifth (35th) day**

after mailing. If Defendant Fountain fails to return the waiver request, the clerk shall make

arrangements for in-person individual capacity service by the U.S. Marshals Service on that

defendant, and that defendant shall be required to pay the costs of such service in accordance

with Federal Rule of Civil Procedure 4(d).

(3) The clerk shall send a courtesy copy of the amended complaint, [ECF No. 35], and

this Order to the DOC Office of Legal Affairs and to the Connecticut Attorney General.

(4) The defendants shall file a response to the amended complaint, either an answer or

motion to dismiss, within **sixty (60) days** from the date the notice of lawsuit and waiver of

service of summons forms are mailed to Officer Fountain.

(5) The Court will set a discovery and dispositive motion schedule after Defendant

Fountain is served.


_____/s/_____
Michael P. Shea
United States District Judge

**SO ORDERED** this 4th day of December 2023, at Hartford, Connecticut.